**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Gillespie, et al., | No. CV-21-00940-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Cracker Barrel Old Country Store Incorporated, | |
| Defendant. | |

Pending before the Court are Plaintiffs' Motion for Conditional Certification (Doc. 8) and Defendant's Motion to Compel Arbitration (Doc. 21).[1] In addition, Plaintiffs have filed a Motion to Strike an attachment to Defendant's Motion to Compel Arbitration (Doc. 30). Defendant has filed a Response (Doc. 37), but Plaintiffs have not filed a Reply. The Court will now issue its decisions.

## I.    Background

Plaintiffs are current and former employees of Defendant Cracker Barrel Old Country Store Incorporated ("Cracker Barrel"). They allege Cracker Barrel violated provisions of the Fair Labor Standards Act ("FLSA") that govern wages for tipped employees, such as servers. (Doc. 1 at ¶ 1). Plaintiffs now seek to conditionally certify this matter as a collective action under the FLSA. (Doc. 8 at 2). If granted, this certification would result in "'the sending of court-approved written notice' to workers who may wish

---

[1] Defendant filed a Response in opposition to Plaintiffs' Motion for Conditional Certification (Doc. 32), and Plaintiffs filed their Reply (Doc. 36). Likewise, Plaintiffs filed a Response opposing Defendant's Motion to Compel Arbitration (Doc. 29), and Defendant filed a Reply (Doc. 39).

to join the litigation as individuals." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). Cracker Barrel argues the named Plaintiffs are obligated to arbitrate their claims under an arbitration agreement (the "Agreement") that Plaintiffs signed during their employee training. (Doc. 21 at 2). Cracker Barrel seeks to compel arbitration before any notice is sent. (*Id.*)

## II.     Whether the Motion to Compel Arbitration is Premature

The parties dispute whether the Court may address the Motion to Compel before the Motion for Conditional Certification. This posture is one in which many courts have previously found themselves. Some courts in the Northern District of California have decided to consider motions to compel arbitration after a class has been conditionally certified. *See Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424 (N.D. Cal. 2015) ("The decisions that have addressed that issue have all found that the issue of the enforceability of arbitration clauses related to the merits of the case and therefore should be dealt with in phase two."); *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 276 (N.D. Cal. 2015) ("The question whether certain employees are precluded from participating as members of the collective action by virtue of the arbitration/settlement agreements is not properly before the court at this first stage of the certification.").

Courts in the District of Arizona have, primarily for reasons of judicial economy, routinely considered motions to compel arbitration before motions for conditional certification. "Despite the lenient first-step inquiry when deciding to certify a collective action, Courts in this District have not permitted collective certification to proceed, and will dismiss the action, where 'the Plaintiff and opt-in Plaintiffs are not capable of representing the class because the claims are wholly subject to arbitration.'" *Cabanillas v. 4716 Inc.*, 2021 WL 3773765, at *6 (D. Ariz. Aug. 25, 2021) (citing *Bufford v. VXI Glob. Sols. LLC*, 2021 WL 229240, at *8 (D. Ariz. Jan. 22, 2021)).

Ultimately, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v.*

*Bouldin*, 136 S. Ct. 1885, 1892 (2016).  Using their discretion, it seems the various district courts in this posture have proceeded by weighing the liberal standards for granting conditional certification against the judicial resources that may be needlessly expended if an arbitration agreement is enforceable.

Here, as will be further explained below, the named Plaintiffs in this action are bound by the Agreement.  However, at least a few of the opt-in Plaintiffs are not subject to the Agreement.  For example, Plaintiff has produced affidavits from two opt-in Plaintiffs who were minors when they worked for Cracker Barrel and claim their minor status voids any arbitration agreement.  (Doc. 29-2).  Cracker Barrel does not dispute that arbitration agreements with minors can be voided.  Therefore, at least two of the opt-in Plaintiffs are not subject to arbitration.  Although Plaintiffs should be afforded an opportunity to conditionally certify a class that is not subject to the Agreement, the Court will enforce the Agreement as it pertains to those Plaintiffs who are.  Therefore, the Court will deny the Motion for Conditional Certification without prejudice with leave to refile for Plaintiffs to propose a class that is not bound by the Agreement.

The Court will now address Cracker Barrel's Motion to Compel Arbitration.

**III.    Enforceability of Arbitration Agreements**

The Federal Arbitration Act ("FAA") codified "the liberal federal policy favoring arbitration . . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  It states "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  When presented with a motion to compel arbitration, a court's review is limited to determining (1) whether the agreement is valid and (2) whether the agreement encompasses the dispute.  *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011).  In addressing these issues, courts are required to adopt a rule of contract construction favoring arbitration.  *Kuehner v. Dickinson & Co.*, 84 F.3d

316, 319 (9th Cir. 1996), *as amended* (July 5, 1996).  In addition, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).  If a valid agreement exists encompassing the dispute, then courts are called to "rigorously enforce" the arbitration agreement.  *Id.* (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  In addition, if a court enforces an arbitration agreement, the court "may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration."  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

Cracker Barrel argues the four named Plaintiffs are subject to the Agreement because it is valid and encompasses the claims at issue.  (Doc. 21 at 2–5).  Plaintiffs do not dispute that the Agreement, if valid, would encompass their claims.  However, Plaintiffs challenge the Agreement's validity on the grounds that it is substantively and procedurally unconscionable.  First, Plaintiffs argue that the Agreement is invalid under the effective vindication doctrine.  (Doc. 29 at 5).  Second, Plaintiffs argue the Agreement's confidentiality requirement is unenforceable.  (*Id.* at 13).  Third, Plaintiffs argue the Agreement violates Arizona law.  (*Id.*)  Finally, Plaintiffs argue the Agreement is procedurally unconscionable.  (*Id.* at 17).  The Court addresses each argument in turn.

### a. Whether the Effective Vindication Doctrine Invalidates the Agreement

Plaintiffs argue the Court should invalidate the Agreement because it does not guarantee that the prevailing party will be entitled to an award of attorney fees and costs.  Normally, prevailing plaintiffs in an FLSA action are entitled to such an award.  29 U.S.C. § 216(b).  Plaintiffs argue certain provisions of the Agreement grant the arbitrator discretion to award fees, which presents the possibility that their right to attorney fees and costs might not be vindicated through arbitration.  (Doc. 29 at 9).

Plaintiffs ask the Court to adopt the "effective vindication" doctrine as articulated by the Tenth Circuit.  *See Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 376 (10th Cir. 2016).  This doctrine, originally developed from Supreme Court dictum, invalidates arbitration

agreements on public policy grounds when an agreement waives a party's right to pursue statutorily guaranteed remedies. *Id.* at 377 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985)). Here, because the Agreement does not require the arbitrator to award attorney fees and costs if Plaintiffs were to prevail, Plaintiffs claim their statutory rights will not be adequately vindicated by the Agreement, and it should therefore be found invalid. Cracker Barrel argues it is unnecessary to decide whether to employ the effective vindication doctrine because Plaintiffs' statutory rights to attorney fees and costs are not at risk. (Doc. 39 at 8).

The Agreement states an "Arbitrator may award any relief to either party to which Cracker Barrel or [the employee] may be entitled by law." (Doc. 21-3 at 4). Plaintiffs interpret this to mean the arbitrator wields the discretion to award FLSA fees and costs. Cracker Barrel, however, cites several cases in which courts have interpreted similar langue to mean the arbitrator shall issue an award when the underlying statutory right requires one. *See Bell v. Ryan Transp. Serv., Inc.*, 176 F. Supp. 3d 1251, 1260 (D. Kan. 2016) ("[C]ourts have uniformly rejected this argument [that the arbitrator may decline to issue an attorney fee award under the FLSA] for various reasons, including the persuasive reason that such language simply contemplates those statutes which allow but do not require an award of fees."); *Smith v. Vmware, Inc.*, 2016 WL 54120, at *6 (N.D. Cal. Jan. 5, 2016) (construing "may" as requiring an arbitrator to award prevailing plaintiff attorney fees and costs); *Clerk v. First Bank of Del.*, 735 F. Supp. 2d 170, 185 (E.D. Pa. 2010) ("[T]he term permitting the arbitrator to award such fees does not make the provision substantively unconscionable."); *Sage Popovich, Inc. v. Colt Int'l, Inc.*, 588 F. Supp. 2d 913, 918 (N.D. Ind. 2008) ("While Plaintiff could be successful at arbitration and not be awarded attorney's fees, the possibility of being awarded such fees is just as likely. This ambiguity does not render the Arbitration Agreement unenforceable . . . .").

The Court finds the cases cited by Cracker Barrel persuasive. There is no question that if Plaintiffs prevail, they will be entitled to an award of reasonable attorney fees and costs. *See* 29 U.S.C. § 216(b). But not every statutory award of attorney fees and costs is

mandatory, and the Agreement's language reflects this.   The Court interprets the Agreement to mean that if an award is mandatory, the arbitrator must grant the award. *See Kuehner*, 84 F.3d at 319 (arbitration agreements must be constructed in a manner favoring arbitration).   Therefore, it is unnecessary to determine whether to adopt the effective vindication doctrine as formulated in *Nesbitt*.  Plaintiffs' attorneys will receive an award if they prevail.  Therefore, this section is not unconscionable.

### b.  Whether the Confidentiality Requirement Invalidates the Agreement

Plaintiffs next argue the Agreement is substantively unconscionable because it requires employees to agree to "confidential binding arbitration."  (Doc. 29 at 13) (quoting Doc. 21-3 at 1).  Plaintiffs' legal argument on this point is short.  They cite a District of Arizona decision that invalidated a confidentiality provision.  (*Id.*) (citing *Longnecker v. Am. Exp. Co.*, 23 F. Supp. 3d 1099, 1110 (D. Ariz. 2014)).   *Longnecker* voided a confidentiality provision because it required that parties "maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary." 23 F. Supp. 3d at 1110.  Although no Arizona law spoke to the issue, the court found that such a provision was invalid under California law because it unfairly kept "plaintiffs in the dark regarding prior arbitration decisions and only defendants would benefit from this provision." *Id.*  Because of this unfairness, the court voided the confidentiality provision. *Id.*

It is possible that if each individual Plaintiff is bound by a confidentiality agreement, Cracker Barrel stands to benefit from its accumulated knowledge of each claim.  California courts call this advantage the "repeat player effect," and they have held that it does not, standing alone, render arbitration agreements unconscionable per se. *Mercuro v. Superior Ct.*, 116 Cal. Rptr. 2d 671, 679 (Cal. Ct. App. 2002).  Plaintiffs have made no other argument as to why the Agreement is unconscionable, nor have they expanded on what this particular confidentiality agreement entails.  Certainly, *Longnecker* does not stand for the proposition that the mere existence of a confidentiality provision renders an arbitration agreement invalid.  Therefore, without further explanation or argument, Plaintiffs fail to

1   persuade the Court that confidential binding arbitration is substantively unconscionable.

2   *See Green Tree*, 531 U.S. at 91 (party resisting arbitration bears burden to show why

3   arbitration is unsuitable).

4         **c.  Whether the Agreement Violates Arizona Law**

5         Next, Plaintiffs argue two of the Agreement's provisions violate Arizona law and,

6   as a result, are substantively unconscionable.  (Doc. 29 at 13).   The first is the provision

7   calling for a "conciliation" process before submitting the dispute to arbitration.  (Doc. 21-

8   3 at 2).  The second is a provision that states that if a resolution is not achieved through

9   conciliation, "the parties agree that arbitration is the required and exclusive forum for the

10   resolution of all disputes (other than disputes which by statute are not arbitrable) . . . ."

11   (*Id.*)

12         Plaintiffs argue these two provisions violate an Arizona statute permitting

13   employees to file a claim with the Department of Labor for unpaid wages of five thousand

14   dollars or less.  A.R.S. § 23-356.  The Department of Labor is then permitted to investigate

15   and award damages to the employee.  *Id.*  Plaintiffs argue that this right cannot be waived

16   by contract.  (Doc. 29 at 14).  For support, Plaintiffs cite A.R.S. § 23-364, which states that

17   "[n]o verbal or written agreement or employment contract may waive any rights under this

18   article."[2]

19         If, as Plaintiffs argue, the right to an agency investigation is not waivable by

20   contract, then the Agreement accommodates this by excluding "disputes which by statute

21   are not arbitrable."  (Doc. 21-3 at 2).  By the Agreements own terms, Plaintiffs are free to

22   pursue statutorily protected remedies without proceeding to arbitration.   Furthermore,

23   nothing prohibits an employee from filing a claim under A.R.S. § 23-356 should

24   conciliation be unsuccessful.  The Agreement, then, does not violate Arizona law.

25         With regard to the conciliation requirement, Plaintiffs argue that because courts

26   must approve private FLSA settlements, "the mandatory conciliation process . . . is an

27

28   [2] Because the Agreement accommodates disputes that are not arbitrable, the Court need not determine whether the right to file a claim in § 23-356 falls within the same article as § 23-364.

impossible procedure for FLSA claims . . . ."  (Doc. 29 at 15).  But Plaintiffs have not pointed to any concrete hurdle impeding court approval of a settlement reached through conciliation or arbitration.  Furthermore, Cracker Barrel has represented that it will not seek to enforce the conciliation requirement.  (Doc. 39 at 9 n.2).  In sum, Plaintiffs have not demonstrated how the Agreement violates Arizona law.

### d.  Whether the Agreement is Procedurally Unconscionable

Plaintiffs finally argue the Agreement is procedurally unconscionable because the named Plaintiffs and some of the opt-in Plaintiffs do not remember signing the Agreement. (Doc. 29 at 17).  They cite to no authority standing for the proposition that an employee who does not remember signing a contract may void it by simply saying "I forgot."

To evidence the named Plaintiffs' assent, Cracker Barrel presents electronic records showing the named Plaintiffs digitally signed the Agreement.  Along with these records, Cracker Barrel has attached the affidavit of one of its human resources employees explaining that Cracker Barrel employees routinely sign the Agreement as part of employee training.  (*See* Doc. 21-2).  As part of this training, employees log on to an online program using their "personal email address or individual access number along with their confidential password."  (*Id.* at 3).  The program guides them through several modules, including one that covers the Agreement.  (*Id.*)  "Once the employee is presented with the arbitration agreement to read and review, he or she is instructed to 'Please close this document and mark 'complete' to signify that you have read, understood and will comply with the agreement.'"  (*Id.* at 4).  Cracker Barrel retains the electronic records indicating that all four named Plaintiffs have signaled their assent to the Agreement.  (*Id.*)

Plaintiffs object to this affidavit and move to strike it on the grounds that it is hearsay and speculative because the human resources employee did not witness the named Plaintiffs consenting to the Agreement.  (Doc. 30).  The Court rejects this argument for two reasons.  First, because the Agreement was signed in the regular course of employee training, the documents fall within the business records exception to the hearsay rule.  Fed. R. Evid. 803(6)(B).  Second, the human resources affiant sufficiently details the employee

- 8 -

1   training process so to authenticate the named Plaintiffs' assent to the Agreement.  *See*
2   *Martin v. TEKsystems Mgmt. Inc. (Fn)*, 2021 WL 2334389, at \*3 (D. Ariz. June 8, 2021)
3   (finding that an affidavit explaining employee training and onboarding was sufficient to
4   authenticate the digital signatures to an arbitration agreement).   It is not speculative.
5   Therefore, the Court denies Plaintiffs' request to strike the affidavit.

6       Having exhausted Plaintiffs' arguments, the Court finds Plaintiffs have not shown
7   the Agreement is procedurally unconscionable.

8   **IV.    Conclusion**

9       The Court finds the Agreement is not unconscionable, and there being no dispute
10  that the claims fall within it, the Court will order the named Plaintiffs to proceed with
11  arbitration.   The Court's decision in this regard should be unsurprising given that several
12  other courts reviewing the same Agreement, as Plaintiffs concede, have found it
13  enforceable.  (Doc. 29 at 6 n.5) (citing *Vest v. Cracker Barrel Old Country Store, Inc.*, 371
14  F. Supp. 3d 593, 596 (W.D. Mo. 2018); *Rodriguez v. Cracker Barrel Old Country Store,*
15  *Inc.*, 2017 WL 6349173, at \*10 (E.D. Ky. Dec. 12, 2017); *Franklin v. Cracker Barrel Old*
16  *Country Store*, 2017 WL 7691757, at \*7 (E.D. Mo. Apr. 12, 2017)).

17      Cracker Barrel seeks to dismiss this matter because the named Plaintiffs are subject
18  to arbitration.  As noted at the outset, at least two of the opt-in Plaintiffs are alleged to have
19  been minors during their employment with Cracker Barrel and are not subject to the
20  Agreement.  Therefore, the Court cannot dismiss this matter in its entirety.  However, it is
21  not necessary for the Court to maintain an action with a split among Plaintiffs who are
22  subject to arbitration, and those who are not.  All the claims of the named Plaintiffs are
23  subject to arbitration and the Court may, therefore, dismiss them.  *See Johnmohammadi*,
24  755 F.3d at 1074

25       Plaintiffs also concede that they were capable of amending their Complaint to
26  include these opt-in Plaintiffs as named Plaintiffs.  (Doc. 29 at 5 n.3).  Therefore, the Court
27  will dismiss Plaintiffs' Complaint and grant leave to file a first amended complaint within
28  thirty days of this Order naming Plaintiffs who are exempt from the arbitration.  Prior to

filing any amended complaint, the Parties shall meet and confer to discuss which proposed Plaintiffs are not subject to the Agreement.  Any opt-in Plaintiff whose claims are subject to the Agreement, shall proceed with arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration (Doc. 21) is **granted**.  The Court will dismiss named Plaintiffs Ashley Gillespie, Tonya Miller, Tami Brown, and Sarah Mangano to pursue their claims in arbitration under the parties' Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. 30) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Conditional Certification (Doc. 8) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint (Doc. 1) is dismissed. Plaintiffs may file a first amended complaint no later than thirty days (30) after the date of this Order.  In the first amended complaint, Plaintiffs shall certify that they have met and conferred with Defendant in good faith to identify and name Plaintiffs who are not subject to arbitration.  Any and all opt-in Plaintiffs who are subject to the Agreement must withdraw from this action to pursue their claims in arbitration or they will be summarily dismissed.  If no first amended complaint is filed within (30) days of this Order, the Clerk of Court shall dismiss this action without further order of the Court.

**IT IS FINALLY ORDERED** that the Court having ruled on the Motion for Conditional Certification and the Motion to Compel Arbitration, the stay on this matter shall be lifted.  (Doc. 45).

Dated this 12th day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge