NITIN SUD (*pro hac vice*)
Texas Bar No.: 24051399
SUD LAW P.C.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Email: nsud@sudemploymentlaw.com
Phone: 832-623-6420
Fax: 832-304-2552

MONIKA SUD-DEVARAJ
Arizona Bar No.: 14905
Law Offices of Monika Sud-Devaraj, PLLC
141 E. Palm Lane, Ste. 100
Phoenix, AZ 85004
(602) 234-0782
monika@msdlawaz.com

*Attorneys for Plaintiffs and those similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| Ashley Gillespie; Tonya Miller; Tami Brown; Sarah Mangano, individually and behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Cracker Barrel Old Country Store, Inc., <br><br> *Defendant*. | § § § § § § § § § § § § § § § § | Case No. 2:21-CV-00940-DJH <br><br> **PLAINTIFFS' MOTION FOR CLARIFICATION OR PARTIAL MOTION FOR RECONSIDERATION** <br><br> JURY TRIAL DEMANDED |
|---|---|---|

Plaintiffs file this Motion for Clarification or Partial Motion for Reconsideration of the Court's recent ruling (*Docket #47*), and respectfully show the Court as follows.

## BACKGROUND

This is an FLSA case for unpaid wages and other penalties in which the four Named Plaintiffs and 323 opt-in plaintiffs are claiming Cracker Barrel violated the tip-credit rule (section 203(m) of the FLSA) and also required them to work off-the-clock. The parties had briefed issues relating to conditional certification as well as enforceability of an ADR Agreement (*Ex. #1*) that required arbitration. The Court ruled that Named Plaintiffs, as well as any opt-in plaintiffs who are subject to the ADR Agreement, must proceed in arbitration; however, those who are not may proceed in court (and file an amended complaint). *Docket #47*.

For purposes of a potential appeal to the Ninth Circuit and to insure compliance with the Court's order as intended, Plaintiffs seek clarification of the Court's order or partial reconsideration.

## STANDARD

A recent decision within this district succinctly explains the standards for a motion for clarification and a motion for reconsideration:

> "There is no Federal Rule of Civil Procedure specifically governing motions for clarification." *Adams v. Symetra Life Ins. Co.*, No. CV-18-0378-TUC-JGZ (LAB), 2020 U.S. Dist. LEXIS 150038, 2020 WL 4814249, at *1 (D. Ariz. Aug. 19, 2020) (quoting *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018)). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* A motion for reconsideration invites the court to re-litigate a matter, but it is appropriate in only "rare circumstances." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence [that could not have been presented earlier with reasonable diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g).

A motion for reconsideration should not be used to ask the court to rethink its previous ruling, whether that was decided "rightly or wrongly." *Defs. of Wildlife*, 909 F. Supp. at 1351. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may the motion repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere disagreement with a previous order cannot be a basis for reconsideration. *See Adams*, 2020 U.S. Dist. LEXIS 150038, 2020 WL 4814249, at *2.

*Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 U.S. Dist. LEXIS 79744, *1-2 (D. Ariz. Apr. 26, 2021).

In accordance with Local Rule 7.2(g), to any extent a partial reconsideration is appropriate for the Court's order, whether in whole or in part, this motion is being filed within 14 days of the November 12, 2021 decision (and counting the Thanksgiving holidays).

## **THE COURT'S RULING AND CLARIFICATIONS REQUESTED**

The Court generally ruled that the ADR Agreement is not substantively unconscionable under applicable law and that the Named Plaintiffs cannot support an argument for procedural unconscionability. Furthermore, it held that any other opt-ins who are subject to the ADR Agreement must proceed in arbitration rather than in Court; however, those that are not subject to arbitration may proceed in this forum by filing an

3

amended complaint.[1]

The plaintiffs request clarification on a few items so that they can proceed accordingly, whether in arbitration, in this or future proceedings, and/or on appeal.

1. Confidentiality.    *Is the confidentiality requirement in the ADR Agreement enforceable?*

Plaintiffs argued that the confidentiality portion of the ADR Agreement is unenforceable. *Docket #29, p. 13*. Defendant argued that such a provision is enforceable. *Docket #39, p. 9*. The Court ruled that the confidentiality requirement in the ADR Agreement does not render it unenforceable. *Docket #47, pp. 6-7*. Plaintiffs request clarification from the Court as to whether they must keep proceedings within each upcoming individual arbitration confidential, including from each other, or if the confidentiality provision is unenforceable (and severed from the ADR Agreement). This is relevant as it is expected that information obtained from one arbitration proceeding could be used and/or shared in the proceedings of another arbitration proceeding; however, if confidentiality is required, then the plaintiffs/claimants cannot share such information despite common legal representation (whereas Cracker Barrel – as the same defendant/party in each upcoming arbitration – would not have the same restrictions).

2. Conciliation.    *Is conciliation unenforceable for all servers?*

Plaintiffs argued that the conciliation requirement in the ADR Agreement was

---

[1] In accordance with the Court's ruling, the parties are in the process of engaging in discussions to determine which opt-in plaintiffs may be subject to the ADR Agreement and which ones may not be. At the time of this filing, the plaintiffs are waiting for information/documentation from Cracker Barrel so that they may evaluate further.

unenforceable. *Docket #29, pp. 13-15*. Defendant argued that the conciliation requirement did not infringe on Plaintiff's rights and, regardless, that it "did not seek to enforce" that provision. *Docket #29, p. 39*. The Court held that the conciliation requirement does not violate Arizona law and noted that "Cracker Barrel has represented that it will not seek to enforce the conciliation requirement." *Docket #47, pp. 7-8*. The plaintiffs request clarification that conciliation is not required for all plaintiffs, including opt-in plaintiffs and future plaintiffs.

    3. <u>Selective enforceability</u>.   *Can the parties selectively choose to not enforce portions of the ADR Agreement and, if so, which portions?*

Related to the above-referenced issue, the Court noted that "Cracker Barrel has represented that it will not seek to enforce the conciliation requirement." *Docket #47, p. 8*. Plaintiffs therefore seek clarification if either party may unilaterally choose to not enforce portions of the ADR Agreement and, if so, which portions would be subject to such unilateral discretion by the parties.

    4. <u>Reporting to a government agency</u>.   *Are employees entitled to recover monetary damages if reporting wage violations to a government agency?*

Plaintiffs argued that section 2 of the ADR Agreement violates state law because it appears to prevent employees from recovering any money via a complaint to a government administrative agency. *Docket #29, p. 14*. Despite the plain language of the ADR Agreement, Defendant argued that arbitration agreements cannot interfere with the powers of government agencies. *Docket #39, p. 10*. The Court ruled that because the ADR Agreement excludes "disputes which by statute are not arbitrable," employees are not

prevented from filing an administrative claim under Arizona state law. *Docket #47, p. 7*. What is not clear though is whether plaintiffs can actually recover monetary compensation via a complaint to a government agency. Therefore, Plaintiffs request clarification from the Court on this issue.

    5. <u>Determining plaintiffs' attorney's fees</u>.   *What is the standard for determining prevailing plaintiffs' attorney's fees?*

Plaintiffs argued that, based on the plain language of the ADR Agreement, it did not mandate the recovery of attorney's fees and costs to the plaintiff if he/she prevailed. *Docket #29, pp. 6-12*. Defendant argued that nothing in the ADR Agreement prevented a prevailing plaintiff "in an FLSA dispute from being awarded reasonable costs and attorneys' fees." *Docket #39, p. 6*. The Court determined that "[t]here is no question that if Plaintiffs prevail, they will be entitled to an award of reasonable attorney fees and costs," and that "if an award is mandatory, the arbitrator must grant the award." *Docket #47, pp. 5-6*. Although Plaintiffs appreciate this interpretation that is not clear on the face of the ADR Agreement, the Court did not articulate the standard an arbitrator must follow. This is important not only because the ADR Agreement is silent on this issue but also because the arbitrators, all plaintiffs, potential plaintiffs (including all Cracker Barrel servers) would need to know this for the arbitrations. Although it can be assumed that the FLSA standard provided for recovery of reasonable attorney's fees and use of the lodestar method (*McGlothlin v. ASI Capital Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 U.S. Dist. LEXIS 43105, *2-6 (D. Ariz. Mar. 8, 2021)), this information is not contained in the ADR Agreement, and therefore, Plaintiffs and potential plaintiffs do not have direction from the

Court accordingly confirming the standard.

6. <u>Defendant's attorneys' fees and costs</u>.   *Are plaintiffs required to pay Defendant's attorneys' fees and costs for enforcing arbitration?*

The ADR Agreement indicates that a party seeking to compel arbitration under the terms of the agreement "shall" be awarded its attorneys' fees and costs if it prevails. *Ex. #1, ¶12*. Based on the Court's ruling, Cracker Barrel has prevailed on its attempt to compel arbitration. Therefore, Plaintiffs request guidance from the Court as to whether they are obligated to pay Cracker Barrel's attorneys' fees and costs.

7. <u>Dismissal requirement</u>.   *May the opt-in plaintiffs subject to arbitration be involuntarily dismissed?*

The Court ruled that "[a]ny and all opt-in Plaintiffs who are subject to the Agreement must withdraw from this action to pursue their claims in arbitration or they will be summarily dismissed." *Docket #46, p. 12*. The parties are in the process of conferring to determine which opt-in plaintiffs may be subject to arbitration; however, in order to preserve their appellate rights, Plaintiffs request that, in lieu of withdrawing or otherwise voluntarily dismissing their claims, that they submit a list of such opt-in plaintiffs and the Court dismiss them per its prior ruling so that they can proceed with an appeal to the Ninth Circuit.[2]

### REQUEST FOR PROVISIONAL CERTIFICATION AND NOTICE

Given the Court's ruling in which it interpreted the ADR Agreement, including any

---

[2] Because this case will still proceed on behalf of those not subject to the ADR Agreement via an amended complaint, Plaintiffs anticipate filing a motion for severance and/or motion for interlocutory appeal.

7

clarification based on the above-referenced issues, Plaintiffs request that the Court order that notices be provided to all Cracker Barrel servers (current and those employed within the last three years) that explain the Court's interpretation and clarification of the ADR Agreement.  This is important because to any extent Cracker Barrel employees throughout the country are reading and relying on the information contained in the ADR Agreement, they are not aware of this Court's interpretation, especially relating to their FLSA rights and considering such information is not clear on the face of the agreement.

### PRAYER AND CONCLUSION

Based on the foregoing, the plaintiffs respectfully request that the Court clarify or reconsider its November 12, 2021 ruling, addressing the seven items listed above. Plaintiffs also request that the Court order that notices be provided to all Cracker Barrel servers for the limited purpose of explaining its ruling and interpretation of the ADR Agreement.  A proposed order is attached.

Dated: November 29, 2021               Respectfully submitted,

**SUD LAW P.C.**

*/s/ Nitin Sud*
Nitin Sud
*Attorney for Plaintiffs and those similarly situated*
*(pro hac vice)*


**Law Offices of Monika Sud-Devaraj, PLLC**

*/s/ Monika Sud-Devaraj*
Monika Sud-Devaraj
*Attorney for Plaintiffs and those similarly situated*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following was served upon the following counsel of record via the Court's CM/ECF filing system on November 29, 2021:

William W. Drury
Miles M. Masog
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
mmasog@rcdmlaw.com
docket@rcdmlaw.com
mbango@rcdmlaw.com

James M. Coleman
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033-3804
jcoleman@constangy.com

*/s/ Nitin Sud*
Nitin Sud