**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Gillespie, et al., | No. CV-21-00940-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Cracker Barrel Old Country Store Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion for Clarification or Partial Motion for Reconsideration (Doc. 48). Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") filed a Response (Doc. 52), and Plaintiffs filed a Reply[1] (Doc. 54). The Motion is unconventional. It presents several questions to the Court and requests the Court send notice to all Cracker Barrel servers explaining the Court's prior Order. For the following reasons, the Motion is granted in part and denied in part.

**I.    Background & the Court's Prior Order (Doc. 47)**

Plaintiffs are current and former Cracker Barrel employees who filed a collective action alleging that Cracker Barrel violated the Fair Labor Standards Act. (Doc. 1 at ¶ 1). After initiating this action, Plaintiffs filed a Motion for Conditional Certification. (Doc. 8). If that Motion had been granted, it would have resulted in the publication of a court-approved written notice to any other Cracker Barrel employees who might wish to join this action. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018). Cracker

---

[1] Pages three through five of the Reply contain a mock dialogue. Further pleadings of this style will be summarily stricken as they are not based in law or fact.

Barrel subsequently filed a Motion to Compel Arbitration, seeking to enforce an arbitration agreement (the "Agreement") against the named Plaintiffs. (Doc. 21).

The Court's prior Order denied Plaintiffs' Motion for Conditional Certification without prejudice, and it granted Cracker Barrel's Motion to Compel Arbitration. (Doc. 47 at 10). The Court dismissed all of the named Plaintiffs so that they may pursue their claims in arbitration. (*Id.*) However, because some opt-in Plaintiffs were capable of voiding the Agreement due to their status as minors, the Court gave Plaintiffs leave to file a first amended complaint. (*Id.*) The Court also denied Plaintiffs' Motion for Conditional Certification without prejudice to refile if and when a class were proposed that did not fall subject to the Agreement. (*Id.*)

## II. Plaintiffs' Motion (Doc. 48)

Plaintiffs' Motion presents several questions that toe the line between requesting clarification, reconsideration, advice from the Court, and entirely new rulings on matters not properly before the Court. Plaintiffs also request the Court "order that notices be provided to all Cracker Barrel servers (current and those employed within the last three years) that explain the Court's interpretation and clarification of the . . . Agreement." (Doc. 48 at 8).

The Court will proceed by addressing Plaintiffs' questions, most of which are easily answered by a careful and earnest reading of the Court's prior Order. To the extent Plaintiffs seek reconsideration, courts ordinarily deny such request "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). To the extent they seek advice on how they should proceed, the Court is unable to provide counsel. *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) ("As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.").

### a. Confidentiality

Plaintiffs first ask whether the Agreement's confidentiality requirement is

enforceable. (Doc. 48 at 4). It is. (*See* Doc. 47 at 6–7).

### b. Conciliation & Selective Enforceability

Plaintiffs ask whether the Agreement's conciliation requirement is enforceable and whether any party may selectively enforce portions of the Agreement. (*Id.*) The conciliation requirement is enforceable. (*See* Doc. 47 at 8). In its prior Order, the Court noted that Cracker Barrel has represented that it will not seek to enforce that requirement. (*Id.* (citing Doc. 39 at 9 n.2)). The Court included Cracker Barrel's statement solely to show that to the extent the parties agree to waive the conciliation requirement, it may be possible to do so. Nothing in the Court's prior Order stands for the proposition that a party may unilaterally choose to selectively enforce the Agreement.

### c. Reporting to a Government Agency

Plaintiffs ask whether they may recover monetary compensation through a complaint to a government agency. (Doc. 48 at 6). This question relates to Plaintiffs' prior argument that the Agreement was void because it violated an Arizona statute. (Doc. 29 at 14). Specifically, they argued the Agreement curtailed an employee's right to file a claim with Arizona's Department of Labor under A.R.S. § 23-356, a right which Plaintiffs argued could not be waived under A.R.S. § 23-364. (*Id.*) The Court found that the Agreement's plain language provided an exception for "disputes which by statute are not arbitrable" and so Plaintiffs' rights under § 23-356 were preserved. (Doc. 47 at 7 (quoting Doc. 21-3 at 2)).

Plaintiffs do not elaborate on what they mean by whether they may receive monetary compensation via a complaint to a government agency. The question is so vague as to render any answer from the Court an advisory opinion. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (noting that advisory opinions state "what the law would be upon a hypothetical state of facts"). Therefore, the Court declines to answer Plaintiffs' request for "clarification" on this issue.

### d. Determining Plaintiffs' Attorney's Fees

Plaintiffs next ask how an arbitrator should determine a prevailing plaintiffs' attorney fees. (Doc. 48 at 6). The Court noted in its prior Order that, under the Agreement,

an "Arbitrator may award relief to either party to which Cracker Barrel or [the employee] may be entitled by law." (Doc. 47 at 5 (quoting Doc. 21-3 at 4)). Plaintiffs assume an arbitrator will follow the lodestar method, but they would like "direction from the Court . . . confirming the standard." (Doc. 48 at 6–9). Here, again, the Court declines to respond to Plaintiffs' question by advising the parties of the correct legal standard.

### e. Defendant's Attorneys' Fees & Costs

Plaintiffs next state that the Agreement indicates that a party who sought to compel arbitration under the Agreement's terms shall be awarded attorney fees and costs if successful. (Doc. 48 at 7). Plaintiffs concede that Cracker Barrel was successful in its Motion to Compel. (*Id.*) They then ask whether they are obliged to pay Cracker Barrel's attorney fees and costs. (*Id.*) The Court declines to advise Plaintiffs on contractual duties they may or may not have.

### f. Dismissal Requirement

Plaintiffs request to file a list of opt-in Plaintiffs to the Court who are subject to the Agreement so that the Court may dismiss them and proceed with an appeal to the Ninth Circuit. (Doc. 48 at 7). The Court will grant this request in part. The parties shall jointly submit a list of opt-in Plaintiffs who are subject to the Agreement by no later than March 14, 2022.

### g. Request for Notice

Having addressed Plaintiffs' questions, the Court turns to Plaintiffs' request for an order that notice be provided to all Cracker Barrel employees to explain the Court's ruling and interpretation of the Agreement. (Doc. 48 at 8). Plaintiffs have cited no authority by which the Court may issue such notice, but they also argue no law prevents it. (Doc. 54 at 2). Essentially, their argument is that without such notice, potential Plaintiffs would be hesitant to seek relief under the Agreement. Cracker Barrel argues this request must be denied because it seeks the same relief as the Motion for Conditional Certification that was already denied. (Doc. 52).

The Court denied Plaintiffs' previous request to send out notice without prejudice.

(Doc. 47 at 3). Plaintiffs will have the opportunity to file another motion for conditional certification if and when they propose a class that is not subject to the Agreement. Therefore, Plaintiffs' request, to the extent it requests notice be sent to minors, is premature. As to those employees who are subject to the Agreement, to issue such notice now would functionally serve as a reconsideration of the Court's prior Order denying the Motion for Conditional Certification. Because there is no legal basis for sending notice now, and because Plaintiffs have not made a showing of manifest error, new facts, or legal authority, the Court declines to issue the requested notice. *See* LRCiv 7.2(g)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Clarification or Partial Motion for Reconsideration (Doc. 48) is **granted** in part and **denied** in part as set forth in this Order.

**IT IS FURTHER ORDERED** that the parties shall file a list of opt-in Plaintiffs who are subject to the Agreement by no later than March 14, 2022.

Dated this 21st day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge