William W. Drury, #005238
Miles M. Masog, #024927
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
E-mail:   docket@rcdmlaw.com
          mmasog@rcdmlaw.com

James M. Coleman (admitted *pro hac vice*)
Jason D. Friedman (admitted *pro hac vice*)
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033-3804
Telephone: (571) 522-6111
Facsimile: (571) 522-6101
E-mail:   jcoleman@constangy.com
          jfriedman@constangy.com

*Attorneys for Defendant Cracker Barrel Old Country Store, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Harrington; Katie Liammaytry; Jason Lenchert, individually and behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cracker Barrel Old Country Store, Inc.,<br><br>Defendant. | Case No. 2:21-cv-00940-DJH<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** |

Defendant Cracker Barrel Old Country Store, Inc. (hereinafter referred to as "Cracker Barrel" or "Defendant") hereby files its Motion to Dismiss Plaintiffs' First Amended Complaint, which seeks an Order dismissing this action for lack of personal jurisdiction over the parties. In support of this Motion, Cracker Barrel relies on the accompanying Memorandum of Law in support thereof.

(Page 1, 2:21-cv-00940-DJH)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

### I.     Relevant Background

This action was originally filed as a collective action under the Fair Labor Standards Act ("FLSA") on May 28, 2021, by Named Plaintiffs Ashley Gillespie, Tonya Miller, Tami Brown and Sarah Mangano against Cracker Barrel.  Over the next several months, other current and former employees of Cracker Barrel filed opt-in consents to join this lawsuit, as the parties litigated issues pertaining to two motions before the Court: (1) Plaintiffs' Motion for Conditional Certification under the FLSA (Doc. 8); and (1) Cracker Barrel's Motion to Compel Named Plaintiffs to Individual Arbitration and Dismiss (Doc. 21).  As more fully articulated in Cracker Barrel's Motion (Doc. 21), the Named Plaintiffs were bound by an arbitration agreement that precluded resolution of their claims in this Court, and that upon compelling their claims to individual arbitration, the remainder of the case should be dismissed.  Cracker Barrel also argued that consideration of conditional certification was premature before the Court decided the issue of whether to compel arbitration.

On November 12, 2021, this Court entered an Order addressing the issues of conditional certification and arbitration (Doc. 47).  In its Order, the Court held that the Named Plaintiffs – and any opt-in plaintiff whose claims were subject to the arbitration agreement – were bound to resolve their claims through arbitration, and therefore their claims would be dismissed.  (Doc. 47 at 9-10).  However, the Court left the door open to the issue of whether there might be any opt-in plaintiffs that may not be bound by the arbitration agreement.  *Id.*  Accordingly, the Court granted leave for an amended complaint to be filed that could include new Named Plaintiffs who might not be bound to individual arbitration.  *Id.*

Following the Court's November 12, 2021 Order, Plaintiffs filed what they titled a "Motion for Clarification or Partial Motion for Reconsideration" of the Court's Order.

(Doc. 48). The Court granted the motion in part, and denied the motion in part. Importantly, the Court denied Plaintiffs' second attempt to send notice to Servers who are bound by arbitration. (Doc. 55 at g). Further, the Court directed the parties to file a list of opt-in plaintiffs who the parties agreed are subject to the arbitration agreement by March 14, 2022. (Doc. 55 at 4-5). Meanwhile, the Court granted an extension of time, to March 14, 2022, for Plaintiffs to file the amended complaint contemplated by the Court's November 12, 2021 Order. (Doc. 51).

On February 23, 2022, Plaintiffs filed their First Amended Complaint. These claims, however, should be dismissed for lack of jurisdiction.[1] Specifically, the new Named Plaintiffs consist of three individuals who do not reside in Arizona, who did not work for Cracker Barrel in Arizona, who do not assert claims based on any activities occurring in Arizona, and whose FLSA claims are asserted against Cracker Barrel, which does not reside in Arizona for purposes of personal jurisdiction. For the reasons set forth below, the Court lacks personal jurisdiction over the parties and this action must be dismissed.

## II.    Argument

Because Cracker Barrel is headquartered and incorporated in the state of Tennessee and the new Named Plaintiffs' claims do not arise from any activity or contact with the state of Arizona, the Court lacks both general and specific personal jurisdiction over the claims of the new Named Plaintiffs. Accordingly, the Court should dismiss the claims of the new Named Plaintiffs and dismiss this case in its entirety.

---

[1] All claims of the new Named Plaintiffs are also subject to arbitration, as will be more fully addressed in Cracker Barrel's Opposition to Plaintiffs' Amended Motion for Conditional Certification. However, due to a lack of jurisdiction, the Court need not address the arbitrability of the new Named Plaintiffs' claims.

(Page 3, 2:21-cv-00940-DJH)

**A. Applicable Standards for a Motion to Dismiss Based on Lack of Personal Jurisdiction**

A defendant may move prior to trial to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing Fed. R. Civ. P. 12(b)(2)).[2] A plaintiff bears the burden of establishing personal jurisdiction. *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1184–85 (D. Ariz. 2012). When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff is required to present facts and evidence supporting personal jurisdiction over the defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018); Fed. R. Civ. P. 4(k)(1)(A). Accordingly, in FLSA cases, where the Act itself does not contain a provision regarding personal jurisdiction, a district court applies the law of the state where the action is situated – in this case, Arizona – to determine personal jurisdiction. *Marsteller v. MD Helicopter Inc.*, CV-14-01788-PHX-DLR, 2014 WL 12821103, at *6 (D. Ariz. Oct. 15, 2014). Arizona's long-arm statute permits the same scope of personal jurisdiction as allowed under federal due process. *See LNS Enterprises LLC v. Continental Motors Inc.*, 464 F. Supp. 3d 1065, 1071 (D. Ariz. 2020), *aff'd*, 22 F.4th 852 (9th Cir. 2022) (noting that the analysis for determining personal jurisdiction under Arizona law and federal due process are "identical.") (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)). This means that "[f]or a court to exercise personal jurisdiction over a

---

[2] Defendant wishes to note, as a threshold matter, that it could not raise the defense of lack of personal jurisdiction at any earlier stage of this litigation because, prior to the filing of the First Amended Complaint, one named Plaintiff, Ms. Gillespie, resided in Arizona and/or was at least asserting a claim arising out of work performed for Cracker Barrel in Arizona.

(Page 4, 2:21-cv-00940-DJH)

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (citing and quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### B. This Court Lacks Personal Jurisdiction Over the Parties Because Plaintiffs Cannot Show that Cracker Barrel Has Minimum Contacts with the Forum

Under the minimum contacts standard, personal jurisdiction can exist in two forms: general jurisdiction and specific jurisdiction. *Schwarzenegger*, 374 F.3d at 801-802; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In the present case, Plaintiffs fail to allege facts that support personal jurisdiction of either variety.

#### 1. General Jurisdiction

For general personal jurisdiction to exist, the defendant must have "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). The standard for general jurisdiction is an "exacting" one, as the defendant's contacts must be so pervasive that they "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. Indeed, "only in an exceptional case will general jurisdiction be available anywhere other than the corporation's place of incorporation and principal place of business." *LNS Enterprises LLC*, 464 F. Supp. 3d at 1072 (D. Ariz. 2020) (internal quotations and citations omitted).

In the instant case, and as pled by Plaintiffs, Cracker Barrel is a Tennessee corporation with its principal places of business in Tennessee. (Doc. 57 at ¶ 5). Plaintiffs do not allege – and cannot show – that Cracker Barrel, as a non-resident defendant, maintains such a substantial presence in the State of Arizona that it could be considered its home state. At best, Plaintiffs can show that Cracker Barrel does business in Arizona, just as it does in many other states. *Id.* at ¶ 5 (alleging that Cracker Barrel "regularly conducts business in several states throughout the country, including Arizona."). However, "merely doing business in a forum does not a home make . . . ."

for purposes of establishing general personal jurisdiction. *Hendricks v. New Video Channel Am., LLC*, 2:14-CV-02989-RSWL-S, 2015 WL 3616983, at *3 (C.D. Cal. June 8, 2015). *See also Unicolors Inc. v. Myth Clothing Co. Inc.*, CV15-9419-CAS(JCX), 2016 WL 738289, at *4 (C.D. Cal. Feb. 22, 2016) (holding that "merely doing business in a forum is not the type of contact that is so continuous and systematic" as to render a defendant "at home" in the forum.) (internal quotations omitted) (citing and quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Without facts to show that Cracker Barrel has such a substantial presence in Arizona as to be tantamount to having its principal operations there, Plaintiff cannot establish that general personal jurisdiction exists. *See Jaime v. Parts Auth. LLC*, CV-21-00015-PHX-SPL, 2021 WL 3055041, at *5 (D. Ariz. July 20, 2021) (holding that general jurisdiction did not exist in Arizona for entities incorporated in Texas and which had their principal places of business in Texas). Given this conclusion, the Court must next consider whether personal jurisdiction exists under a specific jurisdiction theory, which is analyzed below.

**2. Specific Jurisdiction**

The analysis of specific jurisdiction involves an inquiry into the relationship between the defendant, the forum, and the litigation. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Courts require that three requirements are satisfied to sustain personal jurisdiction under a specific jurisdiction rubric:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; **and**

(Page 6, 2:21-cv-00940-DJH)

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*LNS Enterprises LLC*, 464 F. Supp. 3d at 1072.

In the present case, even assuming, *arguendo*, that the first element can be satisfied by virtue of Cracker Barrel having operations in Arizona, neither of the other two elements are satisfied. With respect to the second element, there are no facts to suggest that Plaintiffs' claims arise out of Cracker Barrel's operations in Arizona. None of the Plaintiffs allege that they live in Arizona, and none alleged that they were employed by Cracker Barrel in Arizona, such that FLSA claims would accrue there. Rather, Plaintiffs Harrington, Liammaytry and Lenchert claim to have been employed by Cracker Barrel in Ohio, North Carolina and Florida, respectively. (Doc. 57 at ¶¶ 6-8). Thus, any claims for unpaid wages by Plaintiffs would arise from their work and compensation in those states, not Arizona. *See Kesley v. Entertainment U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1072 (D. Ariz. 2014) (holding that personal jurisdiction over out-of-state defendants did not exist in an FLSA case where, *inter alia*, the actions giving rise to the claims would have occurred in the defendants' respective states). *See also Biddle v. Fred Meyer Stores*, 44 Fed. Appx. 257 (9th Cir. 2002) (holding that specific personal jurisdiction did not exist in Oregon for plaintiff's FLSA claims and noting that plaintiff "points to no evidence on appeal showing that her claims arose out of defendants' activities in Oregon."); *Gonzalez v. Gov't Employees Ins. Co. Inc.*, 2:20-CV-11722-RGK-KS, 2021 WL 4805434, at *4 (C.D. Cal. Apr. 30, 2021) (holding that specific personal jurisdiction did not exist over FLSA claims asserted by non-resident plaintiffs when "[n]owhere in Plaintiffs' Opposition do they attempt to show how the out-of-state opt-in plaintiffs' claims relate to or arise from Defendant's contacts with California."). Accordingly, Plaintiffs cannot satisfy the second element of the specific jurisdiction test.

Regarding the third element of the specific jurisdiction analysis, it would be unfair and unreasonable for personal jurisdiction to be found in the instant case, given

that it would result in Cracker Barrel defending an action in Arizona despite none of the new Named Plaintiffs having worked for Cracker Barrel in Arizona, nor any of the new Named Plaintiffs' claims having arisen there.  Furthermore, the Supreme Court and the Ninth Circuit have recognized that the forum state's interest in resolving the parties' dispute is a factor to consider regarding the third element.  *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993).  It is unclear why a court in the State of Arizona would have an interest in resolving the claims of nonresident plaintiffs against an out-of-state defendant.  *Cf. Private Reserve Fin., LLC v. Borenstein*, C13-5788 RBL, 2014 WL 2208944, at *4 (W.D. Wash. May 28, 2014) (holding that the forum state of Washington had an interest in adjudicating the case because "Washington has an interest in adjudicating the case because it is obligated to protect its residents form the tortious acts of non-resident defendants.").

The relative litigation burden on the defendant is also a factor to consider regarding the third element.  *Id.*  While Cracker Barrel had no choice but to incur the expense of litigation in this Court when there were Plaintiffs who resided in Arizona, it would be unfair to require the company to continue mounting a defense to FLSA claims in this Court when all of the Plaintiffs, facts, and evidence are elsewhere. *Id.* (noting that judicial efficiency favored a finding of no personal jurisdiction where the likely location of witnesses and evidence were out-of-state).  In sum, Cracker Barrel submits that it would be unreasonable to force it to defend against Plaintiffs' claims in this Court.

### III. Conclusion

Plaintiffs have had ample opportunity to file an amended complaint that includes Plaintiffs with claims that can proceed in this Court, and have failed to do so.  Under the applicable law discussed above, there is no basis for this Court entertaining jurisdiction over claims asserted by individuals with no connection to Arizona, based on activities that did not occur in Arizona, and against a company that does not reside in Arizona for

(Page 8, 2:21-cv-00940-DJH)

purposes of the general or personal jurisdiction analyses. Accordingly, Cracker Barrel respectfully requests that the Court enter an Order dismissing the First Amended Complaint in its entirety.

Respectfully submitted this <u>9th</u> day of March, 2022.

                RENAUD COOK DRURY MESAROS, PA

                <u>By  /s *Miles M. Masog*          </u>
                William W. Drury
                Miles M. Masog
                RENAUD COOK DRURY MESAROS, PA
                One North Central, Suite 900
                Phoenix, Arizona 85004-4417

                James M. Coleman
                (admitted *pro hac vice*)
                Jason D. Friedman
                (admitted *pro hac vice*)
                Constangy, Brooks, Smith & Prophete, LLP
                12500 Fair Lakes Circle, Suite 300
                Fairfax, Virginia 22033-3804

                *Attorneys for Defendant Cracker Barrel Old Country Store, Inc.*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

# CERTIFICATE OF SERVICE

I hereby certify that on this <u>*9th*</u> day of March, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

>Nitin Sud (*pro hac vice pending*)
>Sud Law P.C.
>6750 West Loop South, Suite 920
>Bellaire, Texas 77401
>
>Monika Sud-Devaraj
>Law Offices of Monika Sud-Devaraj, PLLC
>141 E. Palm Lane, Suite 100
>Phoenix, Arizona 85004

I have also served the attached document by _____ on the following persons who are not registered participants of the CM/ECF System:

>NA

By  /s *meb*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 10, 2:21-cv-00940-DJH)