**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Gillespie, et al., | No. CV-21-00940-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Cracker Barrel Old Country Store Incorporated, | |
| Defendant. | |

Pending before the Court in this collective action are Plaintiffs' Amended Motion for Conditional Certification (Doc. 58), Plaintiffs' Motion for Partial Dismissal (Doc. 60), and Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 62). For the following reasons, the Court grants Defendant's Motion to Dismiss and denies the remaining motions as moot.

**I.     Background**

As alleged in the First Amended Complaint ("FAC"), Plaintiffs are current and former employees of Defendant Cracker Barrel Old Country Store Inc. ("Cracker Barrel"). (Doc. 57 at ¶¶ 6–8). They allege that Cracker Barrel violated the Fair Labor Standards Act ("FLSA"). (*Id.* at ¶ 1).

By previous Order, the Court granted Cracker Barrel's Motion to Compel Arbitration. (Doc. 47). That Order permitted Plaintiffs to file an amended complaint that named Plaintiffs who were not subject to their employment arbitration agreement. (*Id.* at 9).

In Plaintiffs' original Complaint, the lead named Plaintiff was alleged to be employed at one of Cracker Barrel's restaurants in Arizona. (Doc. 1 at ¶ 6). The FAC alleges that Cracker Barrel has about fourteen stores in Arizona, but none of the named Plaintiffs are alleged to have worked in them. (Doc. 57 at ¶ 12). Cracker Barrel now raises the defense that the Court lacks personal jurisdiction over it. As it must, the Court addresses jurisdictional issues first. Because the Court finds no personal jurisdiction over Defendant, it dismisses the other motions as moot.

## II.  Personal Jurisdiction Standard

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Federal courts have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Arizona courts may exercise personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2. Due process requires "certain minimum contacts" such that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant is subject to a court's general jurisdiction where its activities in the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* Specific jurisdiction, on the other hand, exists when the lawsuit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

## III.  Discussion

### a.  Cracker Barrel May Raise Personal Jurisdiction as a Defense

Plaintiffs raise many arguments as to why the Court may not now consider whether

it has personal jurisdiction over Cracker Barrel. The Court rejects them all.

To begin, the Court rejects Plaintiffs' argument that Cracker Barrel has waived the personal jurisdiction argument because it did not raise it in its earlier Motion to Dismiss. A party that files a motion under Federal Rule of Civil Procedure 12 "must not make another motion . . . raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also* Fed. R. Civ. P. 12(h)(1)(A) (stating that a party waives the personal jurisdiction defense by "omitting it from a motion in the circumstances described in Rule 12(g)(2)). "A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the *first available* opportunity or, if they are not, they are forever waived." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) (emphasis added). Here, because the original complaint included allegations of a Plaintiff who worked in an Arizona restaurant, the defense of lack of personal jurisdiction was not available to Cracker Barrel when it filed its first Motion to Dismiss. Now that the FAC contains no allegations about how Cracker Barrel's activities in Arizona gave rise to the named Plaintiffs' claims, the defense is available and has not been waived.

Plaintiffs also argue that under Arizona law, once jurisdiction has been established, it may not be revoked. They cite *Fry v. Garcia* for the proposition that generally, "a court that has acquired jurisdiction of a case cannot be deprived of jurisdiction by subsequent events in the course of its proceedings, even if those subsequent events would have prevented jurisdiction from attaching in the first place." 138 P.3d 1197, 1200 (Ariz. Ct. App. 2006) (quoting 20 Am.Jur.2d Courts § 111 (1995)). Plaintiffs misconstrue the *Fry* court's discussion, which was about subject matter jurisdiction, not personal jurisdiction. *See id.* And it is well-established that a court's subject matter jurisdiction is established at the time an action is filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). But personal jurisdiction is different because it is not determined by a specific point in time but, rather, by the plaintiff's pleadings. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (describing how a plaintiff's prima facia showing of personal

jurisdiction may be determined by the pleadings, unless there is a factual dispute). Here, Plaintiffs may not rely on their original pleadings because once an amended complaint is filed, it supersedes the original, which is then considered "non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). This conclusion, that personal jurisdiction may be lost upon the filing of an amended complaint, is also supported by Federal Rule of Civil Procedure 12's permitting of the personal jurisdictional defense once it becomes available, which necessarily includes availability caused by an amended complaint.

Plaintiff makes other smaller arguments, which the Court will address briefly. Plaintiffs argue that because the Court previously granted Cracker Barrel's first Motion to Dismiss, Cracker Barrel has availed itself of the Court's jurisdiction and now has consented to the Court's personal jurisdiction. The Court may have had personal jurisdiction over this matter's original Complaint. But for reasons further explained below, the Court no longer has personal jurisdiction over Cracker Barrel.

Plaintiffs also argue that because Cracker Barrel was properly served, it is subject to the Court's personal jurisdiction. This argument lacks merit. Plaintiffs' reliance on *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 86 (1st Cir. 2022), *cert. denied*, 142 S. Ct. 2777 (2022), is erroneous. The Court need not delve into the nuance of *Waters* and only points out that it is not binding and distinguishable because the named plaintiff was employed by the defendant in the judicial district where the claim was brought. *Id.* at 87. That is no longer the case here.

Plaintiffs argue Cracker Barrel has consented to the Court's personal jurisdiction because it's Motion is untimely. Cracker Barrel's Motion asserting the subject jurisdiction defense was filed less than a month after it became available by virtue of the FAC. This is not untimely.

Finally, Plaintiffs argue that to find that the Court lacks personal jurisdiction would be prejudicial to them. The decision to exercise of personal jurisdiction looks to "the quality and nature of the activity in relation to the fair and orderly administration of the

laws . . . ." *Int'l Shoe Co.*, 326 U.S. at 319. Although Plaintiffs argue that they would be prejudiced if the Court were to find it lacked personal jurisdiction over Cracker Barrel, such "prejudice" is the result of defects in their own pleadings. It would be more prejudicial to require Cracker Barrel to defend an action where there is no general or specific personal jurisdiction.

### b. General & Specific Personal Jurisdiction

Cracker Barrel cannot be said to be at home in this state. As alleged, it is incorporated and headquartered in Tennessee. (Doc. 57 at ¶ 5). Although the FAC alleges that Cracker Barrel has restaurants in Arizona, the Court finds these restaurants do not create the kind of affiliation that would permit Cracker Barrel "to be haled into" this District "to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374, F.3d at 801; *see also Goodyear*, 564 U.S. at 924 (identifying place of incorporation and principal place of business as the "paradigm" bases for general personal jurisdiction). Plaintiffs make no argument to the contrary. The Court, therefore, lacks general personal jurisdiction over Cracker Barrel.

Next, there are insufficient connections between Plaintiffs, Cracker Barrel, and this forum to justify the exercise of specific personal jurisdiction. The Court uses a three-pronged test to determine if specific personal jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, Cracker Barrel purposefully directs some activates to Arizona because it operates restaurants here. However, the Plaintiffs' claims do not arise out of Cracker Barrel's operation of restaurants in Arizona. Plaintiffs, therefore, fail the second prong of the specific personal jurisdiction test, and the Court has already found that it would be

unfair to subject Cracker Barrel to the Court's jurisdiction. Consequently, the Court lacks specific personal jurisdiction over Cracker Barrel.

## IV. Conclusion

Having found that the Court lacks personal jurisdiction, it will grant Cracker Barrel's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Cracker Barrel's Motion to Dismiss (Doc. 62) is **granted**. Plaintiffs' may file a second amended complaint within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file a second amended complaint within thirty (30) days, the Clerk of Court shall terminate this action without prejudice and without further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion for Conditional Certification (Doc. 58) and Plaintiffs' Motion for Partial Dismissal (Doc. 60) are **denied** as moot.

Dated this 22nd day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge