NITIN SUD (*pro hac vice*)
Texas Bar No.: 24051399
SUD LAW P.C.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Email: nsud@sudemploymentlaw.com
Phone: 832-623-6420
Fax: 832-304-2552

MONIKA SUD-DEVARAJ
Arizona Bar No.: 14905
Law Offices of Monika Sud-Devaraj, PLLC
141 E. Palm Lane, Ste. 100
Phoenix, AZ  85004
(602) 234-0782
monika@msdlawaz.com

*Attorneys for Plaintiffs and those similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Andrew Harrington; Katie Liammaytry; Jason Lenchert, and Dylan Basch, individually and behalf of themselves and all other persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>Cracker Barrel Old Country Store, Inc.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:21-CV-00940-DJH<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE AND MEMORANDUM IN SUPPORT** |

Plaintiffs respond to Cracker Barrel's Motion to Compel Individual Arbitration and Dismiss Second Amended Complaint with Prejudice. *See Docket #77*.  The Court should deny Defendant's motion because Basch appropriately voided the ADR Agreement, even if he did initially "sign-off" on it as a minor.  The Court should also deny dismissal of the

other named plaintiffs because they are allowed to proceed in this matter, as Basch (an Arizona-based plaintiff) makes Defendant subject to personal jurisdiction in this forum. *See Waters v. Day & Zimmerman NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022); *Cooley v. Air Methods Corp.*, No. CV-19-00850-PHX-DLR, 2020 U.S. Dist. LEXIS 177139, *8-9 (D. Ariz. Sept. 25, 2020).

I.     **Basch Appropriately Voided the ADR Agreement**

Defendant's primary argument is that Basch should have either voided the ADR Agreement while still a minor or shortly after he reached age 18, and allowing him to do so now would be inequitable. *Docket #77, pp. 8-10*. Defendant's argument is incorrect in its analysis and conclusion. In Arizona, a contract with a minor is voidable. The two exceptions are 1) when the minor fails to void within a reasonable time after learning of the significance of the contract, and 2) when, despite the minor timely voiding the contract, the minor cannot return the other party to the status quo. Defendant's argument conflates and confuses these two distinct issues.

*A. A former minor may void their contract.*

Defendant first contends that Basch should have voided the contract while still a minor. That is not correct, as courts have held that contracts entered into as a minor can be voided without consideration of whether the voidance occurred as a minor or an adult. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Muniz*, 504 P.2d 546, 548 (Ariz. App. 1972). Defendant cites *Ariz. E. R.R. v. Carillo*, 17 Ariz. 115, 149 P. 313, 315 (1915) to support its argument. In *Carillo*, the parents of the appellee settled a personal injury suit against Arizona Eastern Railroad ("AER") arising out of injury to Carillo while he was a minor.

*Id.* at 117.  Carillo then instituted another suit against AER while still a minor. *Id.*  AER tried to hold Carillo to the settlement agreement. *Id.* at 118.  The Arizona Supreme Court held Carillo, as a minor, could void his contract (settlement agreement). *Id.* at 121. The Court did not articulate a rule that *only* minors could void their contracts.  Rather, the Court merely articulated the well-settled rule that minors may void their contracts while minors.  An adult can void a contract signed as a minor.  *See Almada v. Ruelas*, 96 Ariz. 155, 158, 393 P.2d 254, 256 (1964) ("Where a minor has executed a conveyance and wishes to avoid its effect he must renounce the instrument 'within a reasonable time' after reaching his majority.").

### B.  Basch's voidance occurred within a "reasonable time"

Defendant also contends that too much time passed from when he became an adult to void the ADR Agreement, alleging 18 months is not a "reasonable time."  *Docket #77, pp. 9-10*; *see Almada v. Ruelas*, 96 Ariz. 155, 158, 393 P.2d 254, 256 (1964). However, a "reasonable time" is determined by how much time passes once an individual discovers the nature and significance of the contract, "*not* the time between signing and disaffirming." *Garcia v. Cent. Coast Rests., Inc.*, No. 18-cv-02370-RS, 2019 U.S. Dist. LEXIS 162588, *9 (N.D. Cal. Sept. 23, 2019).  For example, the Ninth Circuit has held that a minor who disaffirmed a contract fifteen years after it was signed, but only two days after discovering its nature, had successfully voided the contract.  *Hurley v. Southern Cal. Edison Co.*, 183 F.2d 125, 132-133 (9th Cir. 1950).  Knowledge of the impact of the contract, or the discovery rule, applies to what is considered a "reasonable time" to disaffirm a contract. *See e.g., Garcia*, 2019 U.S. Dist. LEXIS 162588 at *9 (citing *Hurley*); *see also Gust,*

*Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995) (discovery rule available for contract disputes). Because the discovery rule applies for a contract dispute, it would be logical to allow disaffirming a contract based on the same theory.

The reasoning in the *Hurley* case – where the plaintiff successfully disaffirmed 15 years after signing the contract – further supports Plaintiffs' position. The Ninth Circuit articulated as follows:

> What constitutes a 'reasonable time' depends upon the circumstances of each particular case. *Hastings v. Dollarhide*, 24 Cal. 195. The reason for this grant of a reasonable time was stated in *Goodnow v. Empire Lumber Co.*, 31 Minn. 468, 18 N.W. 283, 284, 47 Am.Rep. 798, as follows: 'For this purpose of protection the law gives them an opportunity, after they have become capable of judging for themselves, to determine whether such acts or obligations are beneficial or prejudicial to them, and whether they will abide by or avoid them.' Under the circumstances of this case, Hurley had **no opportunity to exercise any judgment upon the matter until the learned** he had some interest in the stock. Until then, a reasonable time had not elapsed.

*Hurley*, 183 F.2d at 132 (emphasis added); *see also Garcia*, 2019 U.S. Dist. LEXIS 162588 at *9 ("In all cases, the time to be evaluated for its reasonableness is the time between when the individual 'discover[s]' the nature and significance of the contract and when the individual disaffirms it, not the time between signing and disaffirming."). And this makes sense, as it would be illogical to expect every person – on their 18th birthday – to start searching for and consider voiding every contract he/she may have agreed to during the first 18 years of his/her life.

Here, like in *Hurley*, nobody explained the significance of the ADR agreement to Basch (*Docket #74-2, ¶3*), Basch did not know of the significance of the ADR Agreement, he had "no opportunity to exercise any judgment on the matter," and he communicated the voidance of the ADR Agreement (conditioned on the presumption that he may have signed-off on it as a minor) when the Second Amended Complaint was filed. There is no reason to treat Basch any differently here when compared to the plaintiff in *Hurley*.

### C. It would not be inequitable to allow Basch to void his arbitration agreement.

Defendant argues that it would be inequitable and against public policy for Basch to void his contract. *Docket #77, pp. 9-10*. Defendant is wrong.

In Arizona, minors who void their contracts and have received a benefit[1] by virtue of that contact, must return the other party to the *status quo* that existed before the parties contracted. *Jennings v. Lee*, 105 Ariz. 167, 171, 461 P.2d 161, 165 (1969). Not all contractual benefits are created the same, and what constitutes the *status quo* is different in each case. Whatever the case, however, "the doors of the court [are] not … closed against" a minor simply because he cannot return the precise consideration paid to him. *Worman Motor Co. v. Hill,* 54 Ariz. 227, 231-32, 94 P.2d 865, 866 (1939). In *Valencia*, for example, the minor was allowed to void a contract, but had to repay the value of the labor and truck tractor engine to the garage because the labor could not be returned, and the engine was damaged by the minor. *Valencia v. White*, 134 Ariz. 139, 144, 654 P.2d 287, 292 (Ariz. Ct.

---

[1] The "benefit" Arizona courts consider is not contractual consideration. Rather, the benefit that must be returned is the actual property or monetary benefit the minor received.

App. 1982). Defendant has never defined what alleged "benefit" Basch received from agreeing to arbitration such that it cannot be returned to its status quo. There is also no evidence that the benefit was supposedly the opportunity to be hired or continued employment.[2]

In reality, Basch has obtained no benefits from the ADR Agreement and would not have even known about its potential significance until after he joined this lawsuit (at the earliest). Basch's declaration confirms he has never seen the ADR agreement, nobody has ever explained the significance of it to him, and Defendant has suffered no loss from the agreement. It's only this lawsuit proceeding that may have resulted in him possibly obtaining constructive knowledge of the significance of the contract. But he voided the ADR Agreement *before* Defendant disclosed the potential significance. Therefore, voiding it *before* he is aware of the potential significance has to be a "reasonable time." In fact, it would actually be inequitable and against public policy to *not* be able to void a contract that a new employee was essentially forced to sign-off on, as a minor[3] during orientation, and without understanding or recognizing what possible benefit he was getting or what the other party was supposedly giving up. Regardless, there is nothing preventing Defendant

---

[2] In fact, Basch started working in March 2019 but allegedly signed-off on the ADR Agreement in October 2019 – seven months later. *Docket #77-1, ¶¶2 and 4*.

[3] In Arizona, statute of limitations does not even begin to run until age eighteen. A.R.S. § 12-502. Also, considering statute of limitations for numerous claims range between 2-6 years (personal injury is two years (A.R.S. § 12-542); breach of oral contract and fraud is three years (A.R.S. § 12-543); breach of written contract for a debt is six years (A.R.S. § 12-548); other claims are four years (A.R.S. §§ 12-544-546, 12-550), it does not make sense for Defendant to argue that 18 months to disaffirm a contract is too long.

6

from being returned to the status quo, as it has lost nothing via the ADR Agreement.

Put simply, if Basch cannot void the ADR Agreement from which he received no actual benefit, there are no circumstances where a minor may void their contract. Such an outcome is contrary to Arizona law. Therefore, it would not be inequitable to allow Basch to void his arbitration agreement.

### D. The cases Defendant relies upon are inapplicable or distinguishable.

Defendant cites to several cases that actually do not support its position. *Stevens* involved a situation where a minor committed fraud to obtain a higher benefit on a life insurance policy. *Modern Woodmen of Am. V. Stevens*, 219 P.2d 322, 324 (Ariz. 1950). Even though the applicant paid higher premiums for the fraudulently obtained policy, the court ultimately refused to allow the beneficiaries to recover the increased life insurance benefit.

In *Sheller*, the employee/plaintiff received an actual benefit of employment (or continued employment) in exchange for signing-off on the ADR Agreement. *Sheller by Sheller v. Frank's Nursery & Crafts*, 957 F. Supp. 150, 153-154 (N.D. Ill. 1997) ("Had they not signed the employment application which contained the arbitration clause, they would not have been hired by Defendant. Thus, if the Court were to allow the minor Plaintiffs to disaffirm the contract, Plaintiffs would be retaining the advantage of employment -- which entitled them to bring the instant Title VII suit -- while repudiating their entire basis of employment -- the employment application. In other words, Plaintiffs would be retaining the advantage of the contract -- employment, which entitled them to bring this suit -- while repudiating that very same contract."). There is no evidence that

7

employment or continued employment with Defendant is a "benefit" for Basch.[4]

*Paster* involved a challenge to a forum selection clause of a liability waiver, which was a prerequisite to going on a student trip, and where the plaintiff had already received the benefit of the contract (going on the trip). *Paster v. Putney Student Travel, Inc.*, CV 99-2062 RSWL, 1999 U.S. Dist. LEXIS 9194, *7 (C.D. Cal. June 7, 1999). So, it was impossible for the plaintiff to "return" the trip she had already taken.

In *Bobby Floars*, the plaintiff utilized and made payments on a car for several months before he tried to disaffirm the contract. *See Bobby Floars Toyota Inc. v. Smith*, 48 N.C. App. 580, 584, 269 S.E.2d 320, 323 (N.C. 1980) (acknowledging that using the automobile, "an item of personal property" was "constantly depreciating in value"). Basch has not been using, keeping, or doing anything under the ADR Agreement that would have caused any prejudice to Defendant.

*Norred* concerned a situation involving Texas law, not Arizona law, and still indicated that "reasonable time" depends on the circumstances of the case. *See Norred v. Cotton Patch Café, LLC*, 3:19-cv-1010-G, 2019 U.S. Dist. LEXIS 183290 (N.D. Tex. 2019).

Finally, *Kelly* involved a situation where a minor purchased stocks between September and December 1929, sold the stocks at a loss in March 1930, and then tried to void the losses a few years later, seven months after he turned 18. *Kelly v. Furlong*, 194

---

[4] Defendant's own evidence also suggests the ADR Agreement was "optional." *Docket #77-2*.

Minn. 465 (Minn. 1935). Whether a "reasonable time" had passed was submitted to the jury to determine, which found that it was not "reasonable." *Id*. at 466. Disregarding the factual dispute in that case, there was no analysis on the *status quo* issue that is relevant here. Notably, even if seven months was a reasonable time, under existing law and policy, the plaintiff in that situation should not have had the ability to void or disaffirm the transactions, as it would have resulted in an unfair monetary gain.

Basch was a minor when he signed-off on the unread ADR agreement (which was not a condition of his employment), he disaffirmed the agreement when he reached the age of majority and before he learned that he even consented to ADR, and he has continued working with Defendant. He never derived any benefit out of the ADR Agreement, and Defendant has not suffered any prejudice or harm, nor given Basch anything under that agreement. Accordingly, Basch is not subject to arbitration because he appropriately voided the agreement.

## II.     The Court Has Already Made Rulings Allowing For Voidance

Even if the Court were to agree with Defendant's argument in theory, it has already ruled that there were individuals in the proposed collective action *not* bound to the ADR. *See Docket # 47, p. 9-10*; *Leslie Salt v. United States*, 55 F.3d 1388, 1392-93 (9th Cir. 1995) (holding that "summarily treated" issues become law of the case).[5] Specifically, at

---

[5] As articulated previously, those not subject to arbitration include three groups: a) servers who are/were minors when they signed-off on the ADR Agreement, b) those for whom Defendant does not have an ADR sign-off confirmation (indicating that there was no agreement), and c) those who did originally sign the ADR confirmation, ended their employment relationship with Defendant, but then later were rehired by Defendant but did

least two former minors – Andrew Harrington and Shaena Webster – voided their ADR Agreements (*Docket #29-2*) which were signed years ago as minors, and have remained in this lawsuit, per the Court's prior ruling. *Docket #47, p. 3*. For both Harrington and Webster, they apparently may have signed-off on the ADR Agreement in the fall of 2016 (at the age of 16 and 17, respectively) but successfully voided five years later in August 2021, via their declarations in this lawsuit. At the time Harrington voided the agreement, he was approximately 21 years old, and Webster was 22 years old. Therefore, if Harrington and Webster could void their agreements three and four years after reaching the age of majority, then Basch could void his eighteen months after reaching the age of majority.

Therefore, because there's been no change in the law or underlying facts, Defendant should not try to circumvent the Court's prior ruling.

### III.  Personal Jurisdiction

Defendant also makes an argument that because the Court dismissed Named Plaintiffs Harrington, Liammaytry, and Lenchert for personal jurisdiction reasons, they should not be included in the most recent complaint. *Docket #77, pp. 5-6*.

However, the Court previously exercised personal jurisdiction over the original named plaintiffs (including the three out of state plaintiffs) when ruling they were subject to arbitration. *Docket #47*. When dismissing Plaintiffs' First Amended Complaint, Defendant argued, and the Court agreed, that the personal jurisdiction defense was not available initially due to the inclusion of an Arizona named plaintiff. *Docket #62, p.4, n.2;*

---

not sign the ADR confirmation. *Docket #60*. Basch falls under the first group.

*Docket #73, p. 3.*[6]  Such a dismissal is without prejudice.  *Fiorani v. Berenzweig*, 441 Fed. App'x 540, 541 (9th Cir. 2011); FED. R. CIV. P. 4(m).  Because Basch is a new Named Plaintiff that resides and works for Defendant in Arizona, the Court has personal jurisdiction again over all plaintiffs, and Defendant cannot raise the personal jurisdiction defense (as it previously acknowledged).  *Docket #62, p.4, n.2*.

The *Connor* case cited by Defendant regarding the "law of the case" doctrine actually supports Plaintiffs' position.  As it indicated, "'for the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition.'"  *Protect Lake Pleasant, LLC v. Connor*, 2010 U.S. Dist. LEXIS 77991, *27 (D. Ariz. July 29, 2010).  Although the Court has not explicitly made a personal jurisdiction ruling involving a situation where there is a Named Plaintiff based in Arizona not subject to arbitration and joined by non-Arizona plaintiffs, it has *implicitly* ruled that the personal jurisdiction defense cannot be available in such a situation.  *Docket #73, p. 3* ("[B]ecause the original complaint included allegations of a Plaintiff who worked in an Arizona restaurant, the defense of lack of personal jurisdiction was not available to Cracker Barrel when it filed its first Motion to Dismiss.").  In addition, Defendant should be judicially estopped from making a lack of personal jurisdiction argument when the present situation is exactly what it conceded prevents it from raising such an argument.  *See Milton H. Greene Archives v. Marilyn Monroe LLC*, 692 F. 3d 983, 993 (9th Cir. 2012) (""[J]udicial

---

[6] Such argument and ruling essentially follow the logic in *Waters v. Day & Zimmerman NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022).

11

estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'")

Finally, as articulated in Plaintiffs' Reply in Support of their Amended Motion for Conditional Certification (*Docket #79, pp. 6-7*), Plaintiffs reiterate that the Court can exercise personal jurisdiction over non-Arizona plaintiffs based on the reasoning in *Waters*. *See Waters*, 23 F.4th 84.  This district and other courts within the Ninth Circuit have so held.  *See Cooley v. Air Methods Corp.*, No. CV-19-00850-PHX-DLR, 2020 U.S. Dist. LEXIS 177139, *8-9 (D. Ariz. Sept. 25, 2020) ("Bristol-Myers does not apply in the FLSA collective action context; its application would eviscerate FLSA collective actions and thwart Congressional intent."); *Chavez v. Stellar Mgmt. Group VII, LLC*, No. 19-cv-01353-JCS, 2020 U.S. Dist. LEXIS 140210, *20-21 (N.D. Cal. Aug. 5, 2020) ("… *Bristol-Myers* does not apply to federal courts and federal laws… [it] does not apply to FLSA claims brought in federal court."); *Seiffert v. Qwest Corp.*, CV-18-70-GF-BMM, 2019 U.S. Dist. LEXIS 28658 (D. Mont. Feb. 22, 2019); *Arends v. Select Med. Corp.*, 2021 U.S. Dist. LEXIS 190231, *3-4 (C.D. Cal. July 7, 2021) ("This Court will follow the thirteen other districts that have held *Bristol-Myers* does not apply to FLSA actions.")

Courts in other jurisdictions have made similar rulings.  *See O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 613 (S.D. W. Va. 2020); *Stacy v. Jennmar Corp. of Va., Inc.*, No. 21-CV-00015, 2022 U.S. Dist. LEXIS 153113, *9 (W.D. Va. Aug. 25, 2022) (declining to extend Bristol-Myers to FLSA collective actions and following the reasoning in *Waters*); *Aiuto v. Publix Super Mkts., Inc.*, c.a. No. 19-cv-04803-LMM, 2020 U.S. Dist. LEXIS 62327, * 13 (N.D. Ga. Apr. 9, 2020) ("… Bristol-M[yers]

does not divest the Court of personal jurisdiction, regardless of where the opt-in plaintiffs may have suffered their alleged injuries."); *Mason v. Lumber Liquidators, Inc.*, No. 17-cv-4780, 2019 U.S. Dist. LEXIS 80654, *18-19 (E.D.N.Y. May 13, 2019) ("Unlike the mass-tort state law claims at issue in *Bristol-Myers*, the collective action allegations here arise under a federal statute intended to address wage-and-hour practices nationwide.")

Accordingly, Defendant's lack of personal jurisdiction argument fails.

### IV. In the Alternative, Factual Disputes Exist Based Partly On Inconsistent and Questionable Evidence Offered by Defendant.

In the alternative, to any extent the Court disagrees with Plaintiffs' arguments above regarding voidance of the ADR Agreement, there is a factual dispute as to whether Basch signed the ADR Agreement. Defendant's prior representations to the Court, compared with its new exhibit calls the authenticity of the Basch's sign-off, as well as every other sign-off it has provided, into question. Specifically, in Defendant's first motion to dismiss it stated:

> Here, Cracker Barrel offered Plaintiffs employment conditioned on their acceptance of the Arbitration Agreement, Plaintiffs accepted by signing the agreement and continuing their employment, and Cracker Barrel's mutual obligation to arbitrate any employment disputes—along with Plaintiffs' continued employment with Cracker Barrel—constituted sufficient consideration for the agreement.

*Docket # 21 p. 10*. However, Defendant's newly produced exhibit here shows Basch's ADR sign-off is "optional" and it was supposedly signed seven months after he began employment. *See Docket # 77-2*. Moreover, the sign-off verification screens themselves differ dramatically from what Defendant previously submitted. *Compare Docket # 21-4 through 21-8 with Docket # 77-2*. The previous sign-offs also omit the "optional" language

13

which would have directly undercut it argument in its first motion to dismiss. Each of these sign-off screens were generated within the last year, so there is no reason they should look different. This undercuts Defendant's assertions that the sign-offs were created in the normal course of business and it calls their reliability and authenticity into question. *See* FRE 803(6); *see Docket #30, p.3* (challenging authenticity of the sign-offs under lack of the business records rule exception) *with Docket #37, pp. 2-3* (Defendant citing the business records rule as the exception to hearsay).

Accordingly, Defendant's representations, at best, create a question of fact as to whether Basch signed the ADR Agreement. At the worst, they show Defendant is manipulating the evidence. Therefore, if the Court does not agree with the arguments above, it should still allow this matter to move forward until the second step of the conditional certification process at which time discovery may be conducted.

V.     **Conclusion and Prayer**

Based on the foregoing, Named Plaintiffs respectfully requests that the Court deny Defendants' motion.

Dated: September 23, 2022            Respectfully submitted,

**SUD LAW P.C.**

*/s/ Nitin Sud*
Nitin Sud
*Attorney for Plaintiffs and those similarly situated*
*(pro hac vice)*

14

                                                        **Law Offices of Monika Sud-Devaraj, PLLC**

                                                        */s/ Monika Sud-Devaraj*
                                                        Monika Sud-Devaraj
                                                        *Attorney for Plaintiffs and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following was served upon the following counsel of record via the Court's CM/ECF filing system on September 23, 2022:

William W. Drury
Miles M. Masog
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
mmasog@rcdmlaw.com
docket@rcdmlaw.com
mbango@rcdmlaw.com

James M. Coleman
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033-3804
jcoleman@constangy.com

                                                        */s/ Nitin Sud*
                                                        Nitin Sud