**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dylan Basch, et al.,<br>Plaintiffs,<br>v.<br>Cracker Barrel Old Country Store Incorporated, | No. CV-21-00940-PHX-DJH<br>**ORDER** |

On May 29, 2026, Defendant Cracker Barrel Old Country Store Inc. ("Defendant") filed a Motion for Reconsideration (Doc. 128) of the Court's Order granting preliminary collective certification (Doc. 82).[1] Finding no cause to grant the Motion, no response is necessary from Plaintiffs. *See* LRCiv 7.2(g)(2) ("[n]o response to a motion for reconsideration. . . may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for a response").[2]

In bringing its latest Motion for Reconsideration, Defendant argues that the Supreme Court's decision in *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45 (2025) is "clearly irreconcilable" with the lenient standard, set out in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) and followed by the Court in its prior Order, for determining whether proposed collective members are "similarly situated." (Doc. 128 at 2–3).

[1] Also pending in this matter are Defendant's "Motion for Reconsideration of Ruling Granting Preliminary Collective Certification" (Doc. 128) and Plaintiffs' "Motion to Strike Defendant's Motion to Modify Conditional Certification Order as an Improper Motion for Reconsideration" (Doc. 131). These Motions will be ruled on by separate order.

[2] In so finding, the Court's moots its prior Order (Doc. 140) allowing Plaintiffs to respond.

Defendant brings its Motion under Federal Rule of Civil Procedure 54(b). Rule 54(b) states that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In considering a motion for reconsideration brought under Rule 54(b), "district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *4 (S.D. Cal. 2026). Thus, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 7.2 provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Local Rule 7.2(g) also mandates that motions for reconsideration be filed within fourteen days of the Court's Order. LRCiv 7.2(g)(2). The Order which Defendant seeks reconsideration of was filed on March 31, 2023. Despite citing Local Rule 7.2, Defendant did not address this requirement or attempt to make even a perfunctory showing of good cause. The Court recognizes that Defendant's Motion is premised on a proclaimed change in controlling law but finds the Motion, nonetheless, to be untimely. Defendant's Motion for Reconsideration is based on the Supreme Court's opinion in *E.M.D. Sales*. This decision was issued on January 15, 2025. Of course, this case at that time was still on appeal with the Ninth Circuit, so there is no fault on Defendant's behalf for failing to bring this Motion in January of 2025. However, it should be noted that Defendant requested to file supplemental briefing to the Ninth Circuit concerning *E.M.D. Sales* prior to the Ninth Circuit's July 1, 2025 decision. *See Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 683 n.3 (9th Cir. 2025). The Ninth Circuit denied Defendant's request for

supplemental briefing, and following the parties' unsuccessful cert petitions, this case was remanded to the Court in February of 2026. Yet, Defendant's Motion for Reconsideration was not filed with this Court until May 29, 2026. (*See* Doc. 128).

"Courts routinely reject motions for reconsideration where, as here, the moving party fails to act diligently in bringing the motion upon discovering the change in law or facts." *Aviles v. Quik Pick Express, LLC*, 2021 WL 4786675, at *3 (C.D. Cal. 2021).[3] And this Court will do the same. Based on Defendant's request to the Ninth Circuit, it was well aware of *E.M.D. Sales* and its supposed impact on the collective certification standards. Nonetheless, Defendant waited months to bring this Motion, and the Court therefore finds that Defendant has not shown that, with an exercise of reasonable diligence, this legal authority could not have been brought to the Court's attention earlier. Instead, this delayed Motion seems to be another way to prolong these proceedings.

Moreover, even if Defendant's Motion was not untimely, *E.M.D. Sales* did not address the certification of a collective, did not abrogate *Campbell*, and ultimately provides no basis for reconsideration of the Court's conditional certification order. As the Ninth Circuit already explained,

> *E.M.D. Sales* held that the preponderance-of-the-evidence standard, rather than the clear-and-convincing-evidence standard, 'applies when an employer seeks to show that an employee is exempt from the minimum-wage and overtime-pay provisions' of the FLSA. It said nothing about how a district court should manage a collective action or the procedure it should follow when determining whether to exercise its discretion to facilitate notice to prospective opt-in plaintiffs.

*Harrington*, 142 F.4th at 683 n.3. Regardless of whether this is *dicta* like Defendant claims, the Court agrees with the Ninth Circuit's assessment. *See E.M.D. Sales*, 604 U.S. at 47 ("The dispute here concerns the standard of proof that an employer must satisfy to show that an employee is exempt" from the FLSA's minimum-wage and overtime-compensation requirements.). Defendant has overstated the scope of *E.M.D. Sales's* holding in an effort to restart the collective certification process anew. The Court declines

[3] Although *Avila* and its cited examples concern the local rules of the Central District of California, the Court finds their reasoning persuasive.

to allow Defendant to do so.

Moving forward, the parties should bear in mind that a motion for reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). These "generally unwelcome" motions are not to be used to state disagreement with the Court's orders, re-litigate past issues, or delay proceedings. *Jumbo Bright Trading Ltd. v. Gap, Inc.*, 2013 WL 149660, at *1 (C.D. Cal. 2013) (citation omitted). Future motions to reconsider in this case will be summarily denied should the Court find that the motion is proffered for any of the foregoing reasons.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 128) is **DENIED**.

Dated this 5th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge