**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dylan Basch, et al.,

Plaintiffs,

v.

Cracker Barrel Old Country Store Incorporated,

Defendant.

No. CV-21-00940-PHX-DJH

**ORDER**

On May 29, 2026, the same day its now-denied Motion for Reconsideration was filed, Defendant Cracker Barrel Old Countr Store Inc. ("Defendant") filed a "Motion to Modify Conditional Certification Order to Conform to Court of Appeals Remand" ("Motion to Modify") (Doc. 129). This matter is fully briefed. (*See* Docs. 134, 137). Additionally, Plaintiffs filed a "Motion to Strike Defendant's Motion to Modify Conditional Certification Order As An Improper Motion for Reconsideration" ("Motion to Strike") (Doc. 131), which is also fully briefed. (*See* Docs. 136, 138).

Defendant's Motion is another attempt to delay any progress in this case, and thus the Court is not unsympathetic to Plaintiff's Motion to Strike. Notably, Defendant's Motion to Modify is not brought under any Federal or Local Rule. (*See generally* Doc. 129). Nonetheless, the Court will not strike Defendant's Motion because it is not "clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Thus, Plaintiff's Motion to Strike will be denied.

Turning to Defendant's Motion to Modify, Defendant asks the Court to do two things. First, Defendant states that the conditional collective must be limited to "those individuals who worked for Cracker Barrel in Arizona[.]" (Doc. 129 at 2). However, this issue has been resolved as the Court severed and transferred Non-Arizona Plaintiffs to the District of Massachusetts by prior Order. (*See* Doc. 130).

As to their second request, Defendant says that the putative collective must be further limited to exclude those who signed the enforceable arbitration agreements as an adult. (*See* Doc. 129 at 5). The Court is not impressed with Defendant's continued efforts to prematurely litigate arbitrability. In its March 31, 2023, Order, the Court explained:

> Cracker Barrel cites to *Sandbergend v. Ace American Ins.* for the proposition that notice cannot be sent to servers who are bound by the Agreement. (Doc. 78 at 6–7 citing 2019 WL 13203944)). In that case…[t]he plaintiffs had stipulated that any class member who signed the arbitration agreement would proceed with arbitration as the agreement's enforceability was not at issue. *Id.* at *2.
>
> This matter is distinct from *Sandbergend* because the enforceability of Cracker Barrel's Arbitration Agreement *is* at issue. As stated, some Cracker Barrel employees are not bound by the Arbitration Agreement despite having signed it. Thus, "[a]t this stage, all putative collective members remain *potential* plaintiffs." Monplaisir v. Integrated Tech Grp., LLC, 2019 WL 3577162, at *3 (N.D. Cal. Aug. 6, 2019) (emphasis added). Courts in this circuit have continuously held that disputes over which putative class members are subject to arbitration are better addressed at the second stage of the certification process.

(Doc. 82 at 20–21; *id.* at 27 ("Although Defendant raises issues regarding collective members who are subject to arbitration, such issues may be addressed at the second decertification stage.")). And then again, in a January 30, 2024, Order addressing yet another one of Defendant's motions for reconsideration:

> The Court cannot possibly define which opt-in plaintiffs are certainly subject to arbitration at this juncture. Separate analyses will need to be performed on each putative collective member based on the facts of their employment with Cracker Barrel.
>
> Cracker Barrel is reminded that we are still at the first preliminary certification stage of the Ninth Circuit's two-step approach to FLSA

> collective actions, which is called "preliminary" for a reason. *Campbell*, 903 F.3d at 1100. It is not the court's role to resolve factual disputes, decide substantive issues relating to the merits of the claims, or make credibility determinations at this first stage of certification—yet, that is exactly what Cracker Barrel asks this Court to do. *See Lee v. Asurion Ins. Servs. Inc.*, 2016 WL 9525665, at *2 (D. Ariz. Dec. 2, 2016) (citing *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010)); *see also Thornsburry v. Pet Club LLC*, 2016 WL 11602764, at *2 (D. Ariz. Nov. 22, 2016). Although the Court has identified nuanced circumstances in which a Cracker Barrel employee may not be subject to arbitration, a final determination requires further fact inquiries that are better resolved at the second stage of certification.

(Doc. 106 at 14).

Indeed, the Ninth Circuit has now affirmed the Court in this regard. In so ruling, the Ninth Circuit stated:

> It may not be feasible or even possible to make those determinations in the absence of the parties allegedly bound by the agreements. Thus, where the existence and validity of an arbitration agreement remains in dispute, a district court is not required to rule on the arbitrability of absent employees' claims prior to authorizing notice. Instead, the district court may reserve that determination until after the prospective plaintiffs have, in fact, opted into the litigation.
>
> Applying these rules to the case before us, there was no abuse of discretion. The district court found that multiple fact issues remained that would need to be resolved before the court could determine which prospective opt-in plaintiffs might be required to arbitrate their claims. And the notice that the district court approved cautions that only employees whose claims are not subject to arbitration may join the litigation. The district court appropriately treated arbitrability as one factor in its determination of whether and how to facilitate notice.

*Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 684 (9th Cir. 2025) (internal citations omitted). No further analysis is required. The Court has ruled, the Ninth Circuit has affirmed, and the Supreme Court has denied cert. For a final time, the issue of arbitrability will be taken up at a later stage. Defendant is admonished to refrain from re-litigating the same issue on multiple occasions as it is a waste of scarce judicial time and resources.

This case has been halted at the same stage of proceedings for over five years, and

the Court will not tolerate further delay. Now that the Non-Arizona Plaintiffs have been severed, the Notice approved by the Court should be sent out. Notice needs to be issued, and discovery needs to proceed in earnest. Any future conduct that can be reasonably construed as delay tactics will result in sanctions.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Modify Conditional Certification Order to Conform to Court of Appeals Remand (Doc. 129) is **DENIED**.

**IT ID FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Motion to Modify (Doc. 131) is **DENIED**.

**IT IS FINALLY ORDERED** that the parties must meet and confer and jointly submit proposed deadlines for these proceedings to the Court **within seven (7) days of this Order**.

Dated this 6th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge